90

385 A.2d 1327

COMMONWEALTH of Pennsylvania

v.

Theron TRAPP, Appellant (two cases).

Supreme Court of Pennsylvania.

Submitted Jan. 19, 1978.

Decided April 28, 1978.

Ronald R. Donatucci, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Paul S. Diamond, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Theron Trapp, was convicted in the Court of Common Pleas of Philadelphia County of murder of the first degree, burglary, aggravated robbery, and conspiracy. He was sentenced to imprisonment for life for murder, and ten-to-twenty years each for burglary and robbery, all sentences to run consecutively. The prosecution entered a nolle prosequi on the conspiracy conviction. Appellant filed post-verdict motions which were denied on Sept. 6, 1973 and no direct appeal was taken. On November 3, 1975, appellant filed a petition under the Post Conviction Hearing Act. After a hearing, appellant was permitted to file appeals nunc pro tunc from the judgments of sentence imposed. He

then appealed the judgment of sentence on the murder conviction to this court. He also appealed the judgments of sentence for burglary and robbery to the Superior Court, which certified those appeals to this court.

 Appellant raises three allegations of error concerning the admissibility of his inculpatory statement:

1. The police were required to inform him of the felony-murder rule;

2. The police acted improperly by telling him that his co-defendants in the robbery-murder had made statements; and

3. His confession was involuntary because of protracted questioning.

We have reviewed the applicable facts and law and find the allegations of error to be without merit.

 Appellant next argues that the trial court erred in its charge to the jury in two instances:

1. By expressing his opinion as to the voluntary nature of appellant's statements; and

2. In failing to charge the jury on the effect of appellant's alleged withdrawal from the conspiracy.

We do not reach the merits of either of appellant's allegations:

1. The judge's statements concerning the voluntariness of appellant's statement. This issue is waived because appellant did not object to the statement at trial, did not cover it in the written post-verdict motions and did not orally argue the issue to the court en banc and the court did not sua sponte consider the issue. See *Commonwealth v. Fortune*, 464 Pa. 367, 370–71, 346 A.2d 783 (1975).

2. The judge's failure to charge on the alleged withdrawal from the conspiracy. This issue is not preserved for appellate review. The post-verdict motions did not raise this

issue, nor did appellant orally argue the correctness of the charge nor did the court en banc consider it.

Judgments of sentence affirmed.

MANDERINO, J., files a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, Justice, dissenting.

I disagree with the Court's refusal to find the appellant's confession involuntary due to protracted questioning. Appellant was taken into custody at 4:20 a. m. and the confession was not completed until over twenty-four hours later. The Court should examine fully the psychologically coercive circumstances surrounding the appellant's confession. The United States Supreme Court has stated "[t]he circumstances surrounding in-custody interrogation can operate very quickly to overbear the will . . . ." *Miranda v. Arizona*, 384 U.S. 436, 469, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694, 721 (1966). The Court today ignores the psychological manipulation of the appellant by the police; a confession elicited in such a way is surely not voluntary, under the totality of the circumstances. I therefore dissent.

Mr. Justice ROBERTS joins in this dissenting opinion.